IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LONNIE PICKETT, III**,                    *

    Plaintiff,                              *

v.                                          *          Case No. 8:25-cv-00361-PX

**JP MORGAN CHASE BANK, N.A.**,             *

    Defendant.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Pending in this consumer credit case is Defendant JP Morgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss the Complaint for failure to state a claim. ECF No. 4. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the Complaint. The Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). The Court cannot credit as sufficient "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Rather, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff Lonnie Pickett III ("Pickett") proceeds pro se, the Court must give the pleadings an especially charitable reading so as to let all potentially viable claims proceed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-

969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679). Ultimately, a complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).

As best the Court can tell, the Complaint concerns Pickett's request to extend his credit on a Chase Saphire Reserve credit card. ECF No. 1 ¶¶ 3, 4.[1] Pickett also asserts that he "tendered" some kind of "negotiable instrument" to Chase on August 15, 2024, August 29, 2024, and September 24, 2024, but he does not explain the significance of this supposed tendering. *Id.* ¶¶ 6, 8. From this, Pickett avers without explanation that Chase "refused to carry out their Fiduciary Duties [sic]." *Id.* ¶ 9. And that when Pickett "retracted" the "negotiable instrument," Chase's failure to return it violated "Security and Exchange Act 10b." *Id.* ¶ 11, 13.

As to a claimed breach of fiduciary duty, the Complaint must aver some facts to make plausible "the existence of a fiduciary relationship" between the parties; a breach of the fiduciary duty; and harm to the beneficiary as a result. *Plank v. Cherneski*, 469 Md. 548, 599 (2020) (internal quotation mark and citations omitted). Importantly, "no one size fits all" cause of action exists for breach of fiduciary. *Id.* at 598. *See also Int'l Brotherhood of Teamsters v. Williss Corroon Corp. of Maryland*, 369 Md. 724, 727 n.1 (2002). Rather, the Complaint must include sufficient facts to show the existence of a recognized "fiduciary relationship," as between "trustees and beneficiaries, agents and principals, directors and corporations, lawyers and clients, and guardians and wards, as well as the relationship among partners," and that the defendant breached that special relationship. *See Plank*, 469 Md. at 598 (quoting *Deborah A. DeMott, Relationships of Trust and Confidence in the Workplace*, 100 Cornell L. Rev. 1255, 1261 (2015)).

The Complaint bears none of these hallmarks. It simply references a boiler plate "breach" devoid

---

[1] The Complaint refers to exhibits, but no such attachments were filed with the Complaint. ECF No. 1. Several weeks later, Pickett filed a "supplement" of four attachments that are not identified as "exhibits." ECF No. 3. Pickett did not explain the relevance of the attachments to this suit, and the Court will not pretend to understand why Pickett filed them.

of any facts necessary to sustain the claim. ECF No. 1 ¶ 3. The claim, therefore, fails as a matter of law.

Likewise, the Complaint's singular reference to a breach of "the Securities and Exchange Act 10b," ECF No. 1 ¶ 13, is woefully inadequate. "Section 10(b) affords, by implication, a right of action to securities purchasers or sellers injured by its violation." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 181 (4th Cir. 2009). The elements for the cause of action are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Id.* (quoting *Stoneridge Investment Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 156 (2008)). The Complaint's singular reference to such a violation without any factual development does not come close to stating a plausible claim.

Chase argues the Complaint does not make plausible any sort of claim nor does the pleading explain why the statue is applicable at all. ECF No. 4 at 3–4. In response, Pickett summarily asserts that the Complaint states a claim for securities fraud and "unjust enrichment." ECF No. 8 at 3. But Pickett does not explain how, and the Court cannot discern the articulation of a plausible claim, even when affording the Complaint a most charitable reading.

Indeed, the Complaint is so barebones that it fails to even meet the basic pleading requirements articulated in Federal Rules of Civil Procedure 8 and 10. Rule 8(a), for example, requires that the pleading include a short and plain statement of the claim that shows the plaintiff is entitled to relief. *See* Fed. R. Civ. Proc. 8(a). Rule 8(a) further requires that the Complaint minimally give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also* Fed. R. Civ. P. 10 (requiring a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). The Complaint does not comport with these basic rules.

Because the Complaint fails to state a claim, it must be dismissed. However, the Court recognizes that Pickett proceeds pro se and has not yet been given any chance to cure the pleading

deficiencies. The Court will afford him one opportunity to do so. *See, e.g., Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013). Pickett is forewarned, however, that failure to file an amended complaint to cure the defects and within the time set forth below *will* result in dismissal of the Complaint with prejudice and without further notice.

Accordingly, for the reasons stated, and on this 3rd day of February 2026, the United States District Court for the District of Maryland hereby ORDERS that:

1. Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss at ECF No. 4 is **GRANTED**;

2. Within **21 DAYS** from the date of this Memorandum Order, Plaintiff Lonnie Pickett III **SHALL FILE** an Amended Complaint to cure the described pleading deficiencies;

3. Failure to timely file an amended complaint, or failure to cure the pleading deficiencies, will result in dismissal of the Complaint **with prejudice and without further notice**.

4. The Clerk is **DIRECTED** to transmit this Memorandum Order and **MAIL** a copy to Pickett at his address of record.

February 3, 2026  
Date

/s/  
PAULA XINIS  
United States District Judge